**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SATYANARAYAN HEGDE, Plaintiff, v. ADVOCATE CHRIST MEDICAL CENTER, Defendant. | Case No. 21-cv-2979 Judge Mary M. Rowland |

## ORDER

Before this Court is Defendant Advocate Christ Medical Center's motion for a bill of costs [68]. For the reasons stated below, the Center's motion [68] is granted.

## STATEMENT

Plaintiff filed this case against Defendant in June 2021 accusing Defendant of employment discrimination and retaliation. [1]. On April 17, 2023, this Court granted summary judgment in favor of Defendant. [46].

Subsequently, Defendant, as the prevailing party, filed a bill of costs [68], seeking a total of $2,588.05 in costs from Plaintiff. Plaintiff objected to the motion based on faults he found in the Court's summary judgment order. [70].

Under Federal Rule of Civil Procedure 54(d), "costs—other than attorney's fees—should be allowed to the prevailing party." Rule 54(d) creates a presumption that the prevailing party will recover costs. *Crosby v. City of Chicago*, 949 F.3d 358, 363–64 (7th Cir. 2020). However, "the decision to make the award is entrusted to the

1

discretion of the district court. In assessing a bill of costs, the district court must determine whether the costs are allowable and, if so, whether they are both reasonable and necessary." *Soler v. Waite*, 989 F.2d 251, 254–55 (7th Cir. 1993). "Any party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Trustees of Chi. Plastering Inst. Pension Tr. v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009). 28 U.S.C. § 1920 enumerates the categories of costs recoverable under this rule.

Defendant requested costs for printed or electronically recorded transcripts "necessarily obtained for use" in this case, [68] at Ex. 1, a reimbursable cost under § 1920(2). Defendant seeks costs at $3.65 per page, the "Ordinary" rate at the time of filing the bill of costs, though it paid more for printing the relevant transcripts. [68] at Ex. 1. Defendant also seeks less than the maximum allowed for a court reporter's appearance fee. [68]; *see also Transcript Rates*, https://www.ilnd.uscourts.gov/Pages.aspx?page=transcriptrates.

In response, Plaintiff does not raise any relevant objections to the costs. Plaintiff contends that this Court's denial of his motion for leave to amend his complaint kept him from pursuing alternate claims, [70] at ¶ 13. Had he been able to pursue those claims, he argues, he would have been able to show that Defendant mistreated him, *id* at ¶13-14. He also responds that granting summary judgment to Defendant disadvantaged him as a pro se litigant. *Id.* at ¶13, 15. None of these arguments address Defendant's requested costs. Although pro se litigants are

2

afforded some lenience, they must still follow procedural rules. *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008).

Plaintiff's objections are not sufficient to overcome the presumption of awarding costs to the prevailing party. *See Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) (stating "only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay" can defeat the presumption of awarding costs). Plaintiff does not object to the deposition transcript costs requested by Defendant as unreasonable or unnecessary at the time they were taken. *See Downing v. Abbott Labs*, 2023 U.S. App. LEXIS 25136, *5 (7th Cir. 2023) (describing and rejecting plaintiff's irrelevant objections to costs).

For the stated reasons, this Court grants Defendant's motion for costs [68]. The Court will permit costs in favor of Defendant and against Plaintiff in the amount of $2,588.05.

E N T E R:

Dated: October 19, 2023

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

3